[Civ. No. 712.  Second Appellate District.—November 19, 1909.]

SARAH A. SPRAGUE, Respondent, v. GEORGE E. HART, THE MERCHANTS' TRUST CO., a Corporation, and SAMUEL H. WILLIAMS and JOSEPH BROWN-STONE, Copartners, etc., Appellants.

RESCISSION OF PURCHASE OF LOTS—BREACH OF CONTRACT FOR REIM-BURSEMENT — CAUSE OF ACTION — JUDGMENT — FORECLOSURE IN EQUITY.—A complaint alleging a contract by three individual defendants to reimburse to plaintiff the price paid for the purchase of lots, the purchase of which was rescinded, in which one of said defendants held the entire original equity, the title being held in trust by the corporation defendant, and alleging that the others

had agreed to resell the lots, and to repay plaintiff by a specified date, which had expired, and alleging that no part of the money so reimbursed had been paid, states a cause of action for a personal judgment against the three defendants, and to foreclose their equity in the lots for the sum agreed to be repaid.

ID.—CONSTRUCTION OF CONTRACT BY PERSONS AGREEING TO RESELL AND REPAY—RESALE NOT CONDITIONAL.—The contract of the persons agreeing to resell and to repay by a specified date is not to be construed as an agreement to repay only on condition of resale; but as a contract absolutely binding them to repay by that date, and allowing a repayment when a resale was made prior thereto, enabling such repayment.

ID.—REFERENCE TO FIRST CONTRACT OF PURCHASE IN NEW CONTRACT BASED ON RESCISSION—REQUIRED SELECTION OF LOTS SUPERSEDED.— A reference in the new contract for reimbursement upon rescission of the purchase, to the original contract, does not incorporate in the new contract an original agreement for the selection of the lots by the purchaser, which was superseded by the new contract to reimburse the plaintiff as agreed.

ID.—ABSENCE OF MATERIAL ISSUE IN ANSWER.—It is held that the answer of the individual defendants raised no material issue, that its denials are of conclusions of law, and as to immaterial matter rendered unimportant by the new contract made by them. The complaint having alleged that the original contracts were surrendered according to the agreements, it did not affect her right to recover, because of a denial that defendants canceled them as they agreed to do.

ID.—ACCEPTANCE OF NEW AGREEMENT BY TRUST COMPANY IMMATERIAL.— It is immaterial whether the trust company corporation, defendant, accepted a trust under the new agreement. That corporation was not a party thereto, and no additional burden was placed upon it thereby, if it did not assent to the provisions; but, as trustee for the benefit of plaintiff and defendants, and to secure plaintiff her money interest in the lots, the trust company could have made the conveyances necessary to carry out the new agreement, without additional authorization.

ID.—RELIEF IN EQUITY DETERMINED BY RIGHTS OF REAL PARTIES IN INTEREST.—The relief which a court of equity may grant in such a case as this is determined by the respective rights of the real parties in interest as found and adjudicated by the court; and is not affected by the fact that the title to the property which is given as security is held by a trustee.

ID.—FORECLOSURE OF LIEN UNAFFECTED BY TRUST—POWER OF SALE NOT GIVEN.—Under the allegation of the complaint the trust company held the title to the lots in question to secure to plaintiff the repayment of the price paid, which was unpaid under the contract, and no power of sale being given for this purpose to the trustee,

the court may foreclose the lien or trust for the purpose of applying the proceeds of sale upon the indebtedness.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Johnstone Jones, and R. P. Jennings, for Appellants.

John D. Pope, and Wellborn, Wellborn & Campbell, for Respondent.

TAGGART, J.—This is an action to recover the sum of $1,000 alleged to be due on a contract to reimburse, and repay plaintiff payments made by her upon the purchase of certain real estate; and for a decree to sell the real estate and apply the proceeds of such sale to the payment of the amount due.

Plaintiff had judgment on the pleadings according to the prayer of the complaint and defendants appeal.

It is alleged in the complaint that plaintiff agreed to purchase from the defendant Merchants' Trust Company certain lots in Ocean Beach, San Luis Obispo county, and for that purpose on March 28, 1906, entered into seven contracts with that company and made certain payments thereon, amounting in the aggregate to $1,000; that the title to the lots at the time they were so purchased was held by said trust company as trustee for the defendant Hart and other persons unknown to plaintiff, that the contracts were executed by the trust company as such trustee, and that thereafter the trust company held, and still holds, the title thereto, in trust for plaintiff and the other defendants named. That on December 15, 1906, the defendant Hart acquired all the equitable rights of all other persons, except plaintiff, in the lots mentioned, the legal title thereto remaining in the Merchants' Trust Company, and on the last-mentioned date plaintiff and Hart entered into an agreement in writing, wherein it was recited that the plaintiff had demanded a rescission of the contracts of sale on the ground that she had been induced to purchase the lots by representations which were not true, whereby Hart agreed that, while not admit-

ting that any misrepresentations had been made, yet in order to avoid litigation, he would procure the cancellation of the contracts of sale, release plaintiff from all obligation to make further payments thereunder, and restore to her the payments which she had made thereon. By this agreement plaintiff was to be reimbursed for such payments, by accepting conveyances to her, free of encumbrances, of such of the lots as she might select, equal in value to the total amount paid by her, together with interest thereon to date of payment.

Owing to the inability of the parties to agree upon a valuation of the lots to be taken by plaintiff under this contract, a new agreement was made on March 23, 1907, wherein the defendants Williams and Brownstone are named as parties of the first part, Hart the party of the second part, and the plaintiff of the third part. The inability of the parties to agree under the contract of December 15th is recited, that instrument is made a part of the new agreement and the purpose of the latter is stated as follows: "Now, therefore, for the purpose of adjusting said disagreement as to valuation, and to avoid further controversy," the parties mutually agree, etc. By this instrument it is provided that the Merchants' Trust Company is to continue to hold the title to the lots; Williams and Brownstone agree to sell the lots or as many of them as may be necessary to reimburse the plaintiff the original payments made by her with interest, such sales to be made as soon as practicable, but in any event before the ―― day of September, 1907, and at such prices as would provide sufficient means to so reimburse plaintiff after paying all expenses and commissions. The Merchants' Trust Company is to make conveyances of the lots as sold, receive the purchase money, less expenses and commissions, which are not to exceed forty per cent, and pay over the same to plaintiff's attorney for her. This instrument bears the signatures of the parties thereto, and written assent of the trust company to act as trustee thereunder.

It is also alleged that Hart interested the defendants Williams and Brownstone in the property (in a manner unknown to plaintiff), prior to the making of the agreement of March 23, 1907. That pursuant to the agreement of December 15th plaintiff surrendered up her seven original contracts to the Merchants' Trust Company and Hart and that they

11 Cal. App.—50

were canceled. That nothing was ever done by defendants under the last-named agreement; that plaintiff has never been reimbursed or repaid the sums paid out on the original contracts, and that the sum of $1,000 is now due to her from the defendants Hart, Williams and Brownstone on account of the matters and agreements above set forth, and that the title to the lots is still held in trust by the Merchants' Trust Company for the defendants named and plaintiff to secure the payment of the $1,000.

The answer denies that Merchants' Trust Company holds title as trustee for, or to secure plaintiff, or for the benefit of plaintiff in any manner at all, or that it executed the seven contracts on behalf of the other defendants; denies that the original contracts of sale ever were canceled; denies that plaintiff is entitled to be reimbursed the moneys paid on the contracts, or that the sum of $1,000, or any sum, is now due plaintiff from the defendants Hart, Williams and Brownstone, or either or any of them. By way of further answer, it is alleged that plaintiff never made the selections of lots required by the writing of December 15th, and that the Merchants' Trust Company never consented to act as trustee under the instrument dated March 23, 1907.

That the complaint states a cause of action against the three individual defendants upon which a personal judgment might be rendered, is, we think, apparent. As to Hart there is no doubt, and as to Williams and Brownstone their promise to make sales of the lots and pay over the proceeds to plaintiff brings them within the rule declared in *Dunn* v. *Mackey,* 80 Cal. 104, 110, [22 Pac. 64, 66]. Says the court in that case: "Counsel contend that the defendant bound himself to pay only on condition that he made a sale of the property. But we do not so construe the contract. He bound himself absolutely to sell and pay over the money within a year, and to pay before the end of the year if he made sale of the property." The distinction drawn between the consideration for the promise in that case and in this does not affect the applicability of the rule, and under it the defendants Williams and Brownstone are liable to the plaintiff for the $1,000 on their promise to repay her, on behalf of themselves and their codefendant Hart.

There is nothing in the contention of appellants that because the last agreement expressly makes the first a part of it, the reimbursement to plaintiff must still be made by a selection of lots by her. This portion of the first agreement is superseded by the agreement in the last to sell the lots and pay the money.

There was no material issue raised by the answer. No allegation of fact necessary to the statement of plaintiff's cause of action is denied by the answer of defendants. All of the denials are of conclusions of law, except the denial that the seven original contracts were executed by the Merchants' Trust Company on behalf of the other defendants, which was rendered unimportant and immaterial by the later contracts, and the denial that these contracts had been canceled. With respect to the latter, the complaint having alleged that plaintiff surrendered them up in accordance with the agreement, it was not material to her right to recover that the defendants failed to cancel them as they agreed to. Neither do the matters set up by way of further answer affect her right. The necessity for the plaintiff to make her selection of lots under the first agreement was removed and passed from consideration when the second instrument was executed. It was equally immaterial whether the Merchants' Trust Company accepted the trust under the last instrument. The company was not a party to that instrument, and no additional burden was placed upon it thereby, if it did not assent to its provisions, but, as trustee for the benefit of plaintiff and defendants, and to secure plaintiff her interests in the lots as determined by the parties in interest, the trust company could have made the conveyances necessary to carry out the last agreement without additional authorization.

The relief which a court of equity may grant in such a case as this is to be determined by the respective rights of the real parties in interest as found and adjudicated by the court, and is not affected by the fact that the title to the property which is given as security is held by a trustee. (*Bell* v. *Staacke,* 141 Cal. 186, 202, [74 Pac. 774].) Under the allegations of the complaint the Merchants' Trust Company held the title to the lots in question in trust to secure to plaintiff the repayment of the $1,000. The debt secured was not paid in accordance with the contract, and no power

of sale for this purpose having been given to the trustee, we see no reason upon which to sustain appellants' contention that the court could not foreclose the lien or trust for the purpose of applying the proceeds of sale upon the indebtedness. To accept appellants' view would be to declare that defendants, by failing to carry out their agreement, could deprive plaintiff of the benefit of her security, which would be contrary to all conscience and equity.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.